**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4956**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

       v.

TIOMBE N. STAFFORD,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:10-cr-00030-MR-1)

_____

Submitted: June 15, 2012          Decided: July 24, 2012

_____

Before SHEDD and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

Henderson Hill, Executive Director, Ann L. Hester, Assistant Federal Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Charlotte, North Carolina, Thomas M. Kent, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tiombe Stafford appeals her conviction and sentence for possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1). We affirm her conviction, but vacate her sentence and remand for resentencing.

First, Stafford contends that she was deprived of her Sixth Amendment right to counsel because the district court failed to obtain a valid waiver of counsel and allowed Stafford to represent herself.

The Sixth Amendment guarantees not only the right to be represented by counsel, but also the right to self-representation. Faretta v. California, 422 U.S. 806, 819 (1975). The decision to represent oneself must be knowing and intelligent. Id. at 835. Courts must entertain every reasonable presumption against the waiver of counsel. Brewer v. Williams, 430 U.S. 387, 404 (1977). The determination of a waiver of the right to counsel is a question of law, and, thus, is reviewed de novo. United States v. Singleton, 107 F.3d 1091, 1097 n.3 (4th Cir. 1997).

An assertion of the right to self-representation must be: (1) clear and unequivocal; (2) knowing, intelligent, and voluntary; and (3) timely. United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir. 2000). While a district court must determine if a waiver of counsel is knowing and intelligent, no

particular interrogation of the defendant is required, so long as the district court warns the defendant of the dangers of self-representation so that she makes her choice with her eyes open. United States v. King, 582 F.2d 888, 890 (4th Cir. 1978). We have reviewed the proceedings and find that Stafford was adequately warned of the dangers of self-representation and knowingly and voluntarily waived her right to counsel. Id. Additionally, the district court prudently required Stafford to proceed with hybrid representation--appointing an attorney to serve as her standby counsel. Such a decision was within the district court's discretion. McKaskle v. Wiggins, 465 U.S. 168, 176 (1984).

Next, Stafford contends that the district court erred when it ordered her to reimburse the government for the services of her court-appointed attorneys. On this contention, the government concedes error.

In United States v. Moore, 666 F.3d 313 (4th Cir. 2012), we noted that under the Criminal Justice Act, 18 U.S.C. § 3006A, the government must provide adequate legal representation to criminal defendants charged with a federal felony who are unable to pay, but if the district court subsequently finds that the defendant "'is financially able to obtain counsel or to make partial payment for the representation,'" repayment is authorized under subsection (f). Moore, 666 F.3d at 321

3

(quoting 18 U.S.C. § 3006A(c)). Subsection (f) authorizes a district court to order repayment of attorneys' fees "[w]henever . . . the court finds that funds are available for payment from or on behalf of a person furnished representation." 18 U.S.C. § 3006A(f).

In Moore, we held that to order reimbursement of attorneys' fees, the district court must "find[] that there are specific funds, assets, or asset streams (or the fixed right to those funds, assets or asset streams) that are (1) identified by the court and (2) available to the defendant for the repayment of the court-appointed attorneys' fees." 666 F.3d at 322. We noted that the district court made no findings that the defendant was "financially able . . . to make partial payment for the representation" or that funds were "available for payment." Id. at 323 (internal quotation marks omitted). We also noted that, in the absence of such findings, the district court simultaneously concluded that the defendant was unable to pay a fine or interest. Id. Finding that the district court's reimbursement order conflicted with the statutory requirements, we vacated that portion of the judgment and remanded for resentencing. Id. at 324.

Similarly, the district court here made no findings regarding Stafford's ability to reimburse the government for attorneys' fees or the availability of such funds. To the

4

contrary, the district court concluded that Stafford was unable to pay a fine or interest. Because Stafford's reimbursement order is of the same type we rejected in Moore, we vacate that portion of the district court's judgment and remand for resentencing.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED