**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 20-4431**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

GEORGE ALLAN LAMBERT,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, Chief District Judge. (1:19-cr-00085-MR-WCM-1)

———————————

Submitted: May 14, 2021                          Decided: June 1, 2021

———————————

Before WILKINSON, DIAZ, and RICHARDSON, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

William D. Auman, AUMAN LAW OFFICES, Asheville, North Carolina, for Appellant. William T. Stetzer, Acting United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Allan Lambert appeals after a jury convicted him of assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6), 1153 (Count 3); and assault with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. §§ 113(a)(3), 1153 (Count 4). Finding no reversible error, we affirm the district court's judgment.

I.

Lambert first argues that the district court erred in rejecting his *Batson*[1] challenge to two of the Government's peremptory strikes. The Equal Protection Clause prohibits the use of peremptory challenges based solely on race or gender. *Batson*, 476 U.S. at 86; *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 128-29 (1994). Great deference is given to a district court's determination of whether a peremptory challenge was based on a discriminatory motive, and we review the court's ruling for clear error. *United States v. Dinkins*, 691 F.3d 358, 379-80 (4th Cir. 2012). Generally, a *Batson* challenge consists of three steps: (1) the defendant makes out a prima facie case of discrimination; (2) the Government offers a race-neutral explanation for the strike; and (3) the trial court decides whether the defendant has carried his burden and proved purposeful discrimination. *Purkett v. Elem*, 514 U.S. 765, 767-68 (1995). However, "we will not examine whether the defendant has met his burden in establishing a prima facie case where the prosecutor articulates reasons for his strikes." *United States v. McMillon*, 14 F.3d 948, 952 (4th Cir. 1994).

---

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).

A defendant may show purposeful discrimination by demonstrating that the opposing party's explanation is a mere pretext for racial discrimination. *United States v. Farrior*, 535 F.3d 210, 221 (4th Cir. 2008), *abrogated on other grounds by Rodriguez v. United States*, 575 U.S. 348 (2015). However, pretext alone is insufficient to succeed on a *Batson* challenge; the defendant still must show "that race was the real reason for the strike." *McMillon*, 14 F.3d at 953. To make this showing, the "defendant may rely on *all relevant circumstances* to raise an inference of purposeful discrimination." *Golphin v. Branker*, 519 F.3d 168, 179 (4th Cir. 2008) (internal quotation marks omitted). "The outcome of a typical *Batson* challenge turns largely on an evaluation of credibility and whether counsel's race-neutral explanation for a particular challenge is believed." *Dinkins*, 691 F.3d at 379. The "district court is particularly well-suited to resolve challenges to peremptory strikes of jurors, as it has first-hand knowledge of the very act in dispute." *United States v. Green*, 599 F.3d 360, 377 (4th Cir. 2010).

We conclude that the district court did not clearly err in rejecting Lambert's *Batson* challenge. As to Prospective Juror 3, the Government provided a more than adequate reason for striking her—she had heard about the case and knew the victim. Although striking her removed the last Native American from the jury pool, there were no other jurors left in the jury pool that had such knowledge of the case after Prospective Juror 6 was struck for cause.[2] And, as the Government correctly notes, the Sixth Circuit has

---

[2] Lambert does not argue that the district court erred in striking Prospective Juror 6 for cause.

concluded that a prospective juror's potential knowledge of a case is a sufficient race neutral reason to overcome a *Batson* challenge. *See United States v. Barker*, 69 F. App'x 208, 211 (6th Cir. 2003).

The district court also did not clearly err in rejecting Lambert's *Batson* challenge as to Prospective Juror 13A. The Government asserted two race-neutral reasons for striking her: her sporadic work history, which made the prosecutor concerned that she could not pay attention to the testimony, and her acquaintance with another juror. Taken together, those reasons provided a valid, race-neutral rationale for striking this juror. *See Dinkins*, 691 F.3d at 381 (The Government's explanation need not be plausible or persuasive "so long as discriminatory intent is not inherent in the explanation" and may rely on a prospective juror's employment.). And we discern no reason to believe that the provided reasons were pretext for impermissible discrimination. Therefore, we conclude that the district court did not clearly err in rejecting Lambert's *Batson* challenge.

## II.

Next, Lambert contends that there is insufficient evidence to support his convictions and, thus, the district court erred in denying his motion for judgment of acquittal. "We review the denial of a motion for judgment of acquittal de novo." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018). In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the convictions when viewed in the light most favorable to the Government. *Id.* "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Rodriguez-Soriano*, 931

4

F.3d 281, 286 (4th Cir. 2019) (brackets and internal quotation marks omitted). In making this determination, we may not resolve conflicts in the evidence or evaluate witness credibility. *Savage*, 885 F.3d at 219. "A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Id.* (internal quotation marks omitted).

To convict Lambert on Count 3, the Government was required to establish "(1) an intentional assault that (2) result[ed] in serious bodily injury, committed (3) by an Indian and (4) within Indian Country." *United States v. Littlewind*, 595 F.3d 876, 884 (8th Cir. 2010) (internal quotation marks omitted). A serious bodily injury is one that involves "a substantial risk of death"; "extreme physical pain"; "protracted and obvious disfigurement"; "or protracted loss of impairment of the function of a bodily member, organ, or mental faculty." 18 U.S.C. §§ 113(b)(2), 1365(h)(3). Count 4 "required proof: (1) of an assault, (2) with the use of a dangerous weapon, (3) with the intent to do bodily harm, (4) by an Indian, and (5) within Indian Country." *Littlewind*, 595 F.3d at 884; *see also United States v. Sturgis*, 48 F.3d 784, 786 (4th Cir. 1995).

We conclude that the Government met its burden. We may not disturb the jury's necessary finding that Lambert's assertion of self-defense was not credible. Moreover, the objective evidence is consistent with the victim's testimony, as Lambert's testimony only explains two of the victim's three wounds. While the Government did not offer testimony from the victim's treating physicians, this does not foreclose a finding that the victim suffered a serious bodily injury. The jury saw the victim's injuries and the victim testified that he suffered severe pain. Moreover, an EMT testified that the victim's wounds were

5

life threatening. Finally, the nature of the victim's injuries permits the inference that Lambert intended to do bodily harm. Accordingly, we affirm Lambert's convictions.

## III.

Finally, Lambert argues that the district court erred in ordering him to reimburse his court-appointed counsel. Courts are authorized to require repayment of funds for appointed counsel upon a finding that "funds are available for payment from or on behalf of a person furnished representation." 18 U.S.C. § 3006A(f). In *United States v. Moore*, we held that "the district court must base the reimbursement order on a finding that there are specific funds, assets, or asset streams (or the fixed right to those funds, assets or asset streams) that are (1) identified by the court and (2) available to the defendant for the repayment of the court-appointed attorneys' fees." 666 F.3d 313, 322 (4th Cir. 2012). "[A] repayment order may be based on identified funds and assets, even if those assets will not become liquid until a future date, such as the escrow payment from an upcoming sale of real property, the scheduled disbursement of proceeds from a trust, or continuing payments under a promissory note or contract." *Id.* at 324. Additionally, § 3006A(f) "requires a *finding* of a defendant's ability to make payments as a condition precedent to an order of reimbursement." *Id.* at 322. This "finding must be based on evidence before the court . . . and not on speculation or hypothesis." *Id.*

Generally, in considering an order for reimbursement, "we review the district court's legal determinations *de novo*, and its factual findings for clear error." *Id.* at 320. However, because Lambert did not object to the reimbursement order, we review for plain error. To succeed on plain error review, Lambert must show that "(1) an error was made;

6

(2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Ramirez-Castillo*, 748 F.3d 205, 212 (4th Cir. 2014).

We conclude that Lambert cannot establish plain error. While Lambert now attacks the district court's finding that he was entitled to distributions from the tribe as speculative, his latest disbursement was listed in the PSR, and Lambert did not object to this portion of the PSR. *See United States v. Mondragon*, 860 F.3d 227, 233 (4th Cir. 2017) ("[T]he defendant bears an affirmative duty to show that the information in the [PSR] is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate." (internal quotation marks omitted)). Thus, the district court sufficiently identified that stream of assets from which Lambert could reimburse his appointed counsel's attorney's fees. While he argues that the district court's findings were not specific enough because it did not discuss his prospects for future employment, negative net worth, and the amount of money he would need to sustain himself after his release, our cases vacating reimbursement orders focused on the lack of any findings, not findings that lacked such specificity. *See United States v. Hall*, 495 F. App'x 319, 326 (4th Cir. 2012) (No. 10-4995) (argued but unpublished); *United States v. Pegues*, 493 F. App'x 396, 401 (4th Cir. 2012) (No. 11-4960); *United States v. Stafford*, 489 F. App'x 673, 675 (4th Cir. 2012) (No. 11-4956) (same). "At a minimum, courts of appeals cannot correct an error pursuant to plain error review unless the error is clear under current law." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (brackets and internal quotation marks omitted). Thus, on plain error review, we must reject Lambert's challenge to the reimbursement order.

7

## IV.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*